# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ERVIN R. MILLER SR.,**
**Claimant Below, Petitioner**

**vs.)    No. 14-1077**  (BOR Appeal No. 2047856)
(Claim No. 2010103539)

**WEST VIRGINIA UNITED HEALTH SYSTEM,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ervin R. Miller Sr., by J. Robert Weaver, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia United Health System, by T. Jonathan Cook, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 22, 2014, in which the Board affirmed an October 19, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 30, 2009, decision rejecting Mr. Miller's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Miller alleges that he injured his right knee and calf while pushing a hospital bed up an incline on July 6, 2009, in the course of his employment as a transporter at Ruby Memorial Hospital. Following the alleged injury, he initially sought medical treatment from his primary care provider, Kevin Halbritter, M.D., on August 13, 2009. Dr. Halbritter noted that Mr. Miller stated that his right knee has been bothering him for two to three weeks and that on August 12, 2009, Mr. Miller was ascending a set of steps when he heard a pop in his right knee followed by an immediate onset of pain. Dr. Halbritter later referred Mr. Miller to Benjamin Moorehead,

1

M.D., who noted on August 17, 2009, that Mr. Miller stated that he injured his right leg in July of 2009 while pushing a hospital bed. On September 4, 2009, Dr. Moorehead completed a Report of Injury listing Mr. Miller's diagnoses as a closed dislocation of the patella and arthralgia. Dr. Moorehead subsequently ordered a right knee MRI and noted on September 11, 2009, that the right knee MRI revealed meniscal and cartilage tears. He diagnosed Mr. Miller with a right knee sprain, patellofemoral pain, a medial meniscal tear, and an articular cartilage tear and referred Mr. Miller for a surgical consultation.

Mr. Miller was examined by Mark Floyd, M.D., on September 22, 2009, who also noted that Mr. Miller stated that he was injured in the course of his employment while pushing a hospital bed. Dr. Floyd treated Mr. Miller conservatively with steroid injections. On October 30, 2009, the claims administrator rejected Mr. Miller's application for workers' compensation benefits.

Mr. Miller returned for a follow-up visit with Dr. Halbritter on December 7, 2009, at which time Dr. Halbritter noted that Mr. Miller stated that he had injured his right knee at home. On August 3, 2011, Mr. Miller testified in a deposition. Mr. Miller stated that he experienced an onset of pain in his right calf and right knee on July 6, 2009, while pushing a hospital bed up a ramp that has been progressively worsening. On June 7, 2012, Bill Hennessey, M.D., performed an independent medical evaluation. Dr. Hennessey reviewed Mr. Miller's medical records and noted that Dr. Halbritter's August 13, 2009, evaluation represented the first treatment received by Mr. Miller following the alleged July 6, 2009, injury. Dr. Hennessey noted that Mr. Miller reported to Dr. Halbritter on August 13, 2009, that his knee began bothering him two to three weeks earlier, and determined that that would place the onset date of Mr. Miller's right knee pain in late July rather than the alleged July 6, 2009, date of injury. Additionally, Dr. Hennessey noted that Mr. Miller reported to Dr. Halbritter on August 13, 2009, that he heard a pop in his right knee while ascending a set of steps on August 12, 2009, which was followed by an immediate onset of pain. Dr. Hennessey opined that the reported August 12, 2009, incident is consistent with a medial meniscal tear, and further opined that August 12, 2009, is the date of injury most consistent with Mr. Miller's current medical condition. Finally, Dr. Hennessey opined that there is insufficient medical evidence to conclude that Mr. Miller sustained an injury in the course of his employment on July 6, 2009.

In its Order affirming the October 30, 2009, claims administrator's decision, the Office of Judges held that Mr. Miller did not sustain a compensable injury on July 6, 2009. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated September 22, 2014. On appeal, Mr. Miller asserts that the evidence of record clearly demonstrates that he sustained a compensable injury to his right knee and right calf in the course of and resulting from him employment on July 6, 2009.

The Office of Judges took note of Dr. Halbritter's August 13, 2009, report in which he noted that Mr. Miller reported that his right knee pain began approximately two to three weeks earlier and in which Dr. Halbritter also noted that Mr. Miller reported experiencing a pop in his right knee on August 12, 2009, followed by intense right knee pain. Further, the Office of Judges took note of Dr. Halbritter's treatment note dated December 17, 2009, in which he noted that Mr.

Miller reported injuring his right knee at home. Moreover, after reviewing the entirety of Mr. Miller's medical record, Dr. Hennessey opined that the medical history contained in Dr. Halbritter's reports indicates that Mr. Miller was not injured in the course of his employment on July 6, 2009. The Office of Judges then found that it has no reason to doubt the authenticity of the medical history contained in Dr. Halbritter's reports, and therefore concluded that Mr. Miller has failed to demonstrate that he sustained an injury in the course of and resulting from his employment. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   November 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II